Wash, X,
delivered the opinion of the Court.
This was an action of debt, brought in the name of the county of St. Charles, against the defendant in error, before a Justice of the Peace, for certain penalties incurred for keeping a ferry across the Missouri river without license. Judgment was rendered by the Justice against the defendant in error for eighty dollars; from which the defendant in error appealed to the Circuit Court, where, upon motion of the defendant’s counsel, it was ruled by the Court, that the prosecutor file security for costs, or, in default thereof, the suit be dismissed. And thereupon, the plaintiff in error gave and became the security required. On the trial in the Circuit Court, the counsel for the defendant. in error moved the Court to instruct the jury, (hat the ‘plaintiff could not sustain his action under the statute of the Legislature of Missouri, entitled, “ An act regulating ferries,” the summons purporting to demand the penalties given hy an act entitled, “ An Act to regulate ferries,” which instruction was given and excepted to. The jury found for the defendant in error, and thereupon the Courtgave judgment against the prosecutor, who is plaintiff in error, and brings here his writ of error to reverse that judgment.
The only point relied on by the defendant in error is, that the title of the act by which the penalties are claimed or incurred, was misreeited.
The summons issued by the Justice is in due form, and requires the defendant in error, on a day named therein, to answer the eounty of St. Charles in an action of debt, grounded on the act of the General Assembly, entitled, an act to regulate fer *424 ries,.approved the 18th day of December, in. the year 1824, for the penalties incurred by said Head for keeping a ferry at the town of St. Charles, across the Missouri river, and demanding and receiving pay for crossing sundry persons at said ferry thg said.-Head, not having first obtained a license for keeping said ferry, to-wit: on the 18th. day of March, 1.825, on the 12th day of March, 1825, on the 15th day of March, 1825, and on the 1,7th day of March, 1825; twenty dollars for each of said days, making together the sum of eighty dollars, given, &c.
Various authorities have been cited, on the subject of recitals and misrecitals, which need not be examined in detail. The principles to.be decided from all the doctrine on the subject at this day, is, that the title is no part of the act, and need not be recited ; that more nicety or precision is required, in reciting the provision or body of an act, than in reciting the title that the misrecital, to be fatal, must be of some material part of the statute.
But though tire title of an act need not be recited, .yet if the party, seeking to avail himself of the provisions of an act, refer to it merely by its title, he thereby makes the title material, and must recite it correctly, not, perhaps, to every letter and half letter’, as some have held, but, so that there be ho material departure from the sense or sound. Whether the misrecital complained of, would, under such circumstances, he fatal, need not npw be decided, since the summons would be as good, without the title given to the act, as it would be wjthit,.vyere it correctly entitled. The misrecital is of a matter that need not have been stated, and as it stands, is clearly surplusage. The Circuit Court erred, therefore, in the instructions given to the jury. The opinion of the.Court upon this point might make it necessary to decide the other point relied on by the counsel for the plaintiff in error, (i. e.,) that the Circuit Court had no power to enter up judgment against the plaintiff in error, who was merely a security for costs of suit, and responsible upon his bond, agreeably to the provisions of an act of the -General Assembly of the State of Missouri, entitled, “ An Act concerning costs,” &c. But this Court, feeling clear that the law is with the plaintiff on this point also, would, on that ground alone, reverse the judgment of the Circuit Court.
Xet the judgment of the Circuit Court he, therefore, reversed, with costs, and the cause remanded to,he proceeded in conformably to this opinion.